UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITIZENS BANK, N.A.,

              Plaintiff,

  -v-                                                   1:19-CV-223

TODD KROLAK and MICHELE KROLAK,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                            OF COUNSEL:

HINCKLEY ALLEN                                  CHRISTOPHER V. FENLON, ESQ.
Attorneys for Plaintiff
30 South Pearl Street
Suite 901
Albany, NY 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      On February 15, 2019, plaintiff Citizens Bank, N.A. ("Citizens") filed this civil action against defendants Todd Krolak ("Todd") and Michele Krolak ("Michele") (collectively "defendants" or the "Krolaks") for alleged breach of personal guarantees. Plaintiff alleges that defendants guaranteed the debts owed to it by Krolak Technology Management, LLC ("KTM") and Krolak Technology Management of Syracuse, LLC ("KTMS"), that KTM and KTMS have defaulted on their obligations, and that defendants have failed to fulfill the

guarantees and pay plaintiff for the amounts KTM and KTMS owe.

Defendants have failed to appear or otherwise respond to the Complaint. Currently pending is plaintiff's motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Plaintiff seeks a judgment as to liability, damages, attorneys' fees, and costs. The motion was considered on the basis of the submissions.

## II. BACKGROUND

### A. The Complaint

Citizens Bank is a nationally-chartered bank with its principal place of business in Providence, Rhode Island. Compl. ¶ 2. KTM and KTMS are New York limited liability corporations. Id. ¶¶ 8, 9. Todd and Michele Krolak are individuals residing in Clifton Park, New York.[1]

On May 9, 2018, KTM executed a Line of Credit to Term Promissory Note in favor of Citizens Bank in the original principal amount of $150,000.00 in connection with U.S. Small Business Administration Loan # 2503227002 ("SBA Loan # 2503227002"), also known as Citizens Bank Loan #8810047526-34. Id. ¶ 10. SBA Loan # 2503227002 is subject to and secured by an Unconditional Guarantee executed by Todd, dated May 9, 2018. Id. ¶11.

On May 9, 2018, KTMS executed a Note in favor of Citizens Bank in the original principal amount of $355,000.00 in connection with U.S. Small Business Administration Loan # 25121870-05 ("SBA Loan # 25121870-05"), also known as Citizens Bank Loan #8810047525-34. Id. ¶ 12. SBA Loan # 25121870-05 is subject to and secured by an Unconditional Guarantee executed by Todd, dated May 9, 2018. Id. ¶ 13. SBA Loan

---

[1] Plaintiff does not provide information as to the Krolaks' affiliation with the two businesses sharing their surname.

# 25121870-05 is also subject to and secured by an Unconditional Guarantee executed by Michele, dated May 9, 2018. Id. ¶ 14.

On May 9, 2018, KTMS executed a Line of Credit to Term Promissory Note in favor of Citizens Bank in the original principal amount of $50,000.00 in connection with U.S. Small Business Administration Loan # 2503237005 ("SBA Loan # 2503237005"), also known as Citizens Bank Loan #8810047525-26. Id. ¶ 15. SBA Loan # 2503237005 is subject to an secured by an Unconditional Guarantee executed by Todd, dated May 9, 2018. Id. ¶ 16. SBA Loan # 2503237005 is also subject to and secured by an Unconditional Guarantee executed by Michele Krolak, dated May 9, 2018. Id. ¶ 17.

SBA Loan # 2503227002, SBA Loan # 25121870-05, and SBA Loan # 2503237005 are referred to collectively as the "Loans." The Unconditional Guarantees executed by Todd to secure the Loans and by Michele to secure SBA Loan # 25121870-05 and SBA Loan # 2503237005 (collectively the "KTMS Loans") are referred to collectively as the "Guarantees."

Each of the Guarantees provides, among other things, that the guarantor unconditionally guarantees payment to Citizens Bank of all amounts owing under each of the Loans, that the Guarantee remains in effect until the note is paid in full, and that the guarantor must pay all amounts due under the note upon written demand.[2] Id. ¶ 20. Each of the Guarantees also provides that the guarantor will pay all expenses incurred by Citizens Bank to enforce the Guarantee, including, but not limited to, attorneys' fees and costs. Id. ¶ 21.

---

[2] It is noted that plaintiff has not submitted any of the three applicable Guarantees in connection with its motion.

Citizens Bank alleges KTM and KTMS are in default of their obligations under the Loans for failure to make regularly scheduled payments of principal and/or interest. Id. ¶ 22. On November 9, 2018, plaintiff provided notice to KTM, KTMS, and the Krolaks that the Loans were in default and demanded payment of all amounts due and payable. Id. ¶ 23.

As of the filing date of plaintiff's motion for default judgment, the Loans remain in default and KTM, KTMS, nor the Krolaks have paid the amounts due under the Loans.

## B. Procedural History

Plaintiff commenced this action on February 15, 2019 seeking to enforce defendants' obligations owed under the Guarantees and for all related damages. Summonses were issued as to defendants on February 19, 2019. Affidavits of service were filed on March 18, 2019, indicating service on both defendants had been completed on March 5, 2019. Defendants' answers were due on March 26, 2019, but defendants failed to appear or answer. A Clerk's Certificate of Default was requested on April 10, 2019 and issued the same day. Plaintiff then moved pursuant to Federal Rule of Civil Procedure 55 seeking a judgment as to liability, damages, and attorneys' fees, and costs.

## III. DISCUSSION

### A. Default Judgment Standard

Generally, "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." United States v. Carpineta, No. 14-CV-0517, 2015 WL 500815, at *1 (N.D.N.Y. Feb. 5, 2015) (Kahn, J.) (internal quotations omitted). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. (internal quotations omitted). "Second, under Fed. R. Civ. P. 55(b)(1), upon request of the plaintiff, a default

judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear." Id. (internal quotations omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." Wells Fargo Bank, N.A. v. Barnes, No. 3:16-CV-533, 2018 WL 6028050, at *5 (N.D.N.Y. Nov. 16, 2018) (Sannes, J.) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)).

## B. Liability

In the absence of being made aware of any choice-of-law provision in the Loans or Guarantees, or any discussion by plaintiff on the issue of what law to apply in this diversity case, New York law will be applied.[3] Under New York law, the elements of a prima facie

---

[3] "In the absence of an express choice of law by the parties, a federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits." Mem'l Drive Consultants, Inc. v. ONY, Inc., 29 F. App'x 56, 62 (2d Cir. 2002) (summary order). "Under the law of New York, the forum state, the first step in a choice of law analysis is to determine whether an actual conflict exists between the laws of the jurisdictions involved." Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012). Where there is no conflict, "a New York court will dispense with choice of law analysis; and if New York law is among the relevant choices, New York courts are free to apply it." Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co., 363 F.3d 137, 143 (2d Cir. 2004). In contract cases presenting a conflict of law, "New York courts . . . apply a 'center of gravity' or 'grouping of contacts' approach." Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997). "Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." Id.

The law to be applied in this case is New York law whether there is or is not a conflict between the laws of the jurisdictions involved. If there is no conflict between New York and Rhode Island law, New York law would apply. If there is conflict between New York and Rhode Island law, New York law would apply under the center of gravity approach. In this matter, the defendants who provided the personal guarantees

(continued...)

case for breach of guarantee are: "(1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt." Myers Indus., Inc. v. Schoeller Arca Sys., Inc., 171 F. Supp. 3d 107, 121 (S.D.N.Y. 2016).

Plaintiff has pleaded facts sufficient to establish all of the elements of its breach of personal guarantee claims against defendants. The Complaint alleges that for each of the three Loans: (1) defendants, either Paul by himself, or both Paul and Michele, executed personal guarantees in which they absolutely and unconditionally guaranteed payment of KTM and KTMS' debts to plaintiff; (2) KTM and KTMS owe plaintiff collectively $555,000.00 exclusive of interest, fees, or costs for the Loans to KTM and KTMS; and (3) defendants have failed to satisfy KTM and KTMS' debt to plaintiff.

Accordingly, taking the factual allegations in the Complaint as true, Citizens Bank has adequately stated its claims for breach of guarantee against the Krolaks. Plaintiff's motion for a default judgment on the first, second, and third causes of action will be granted. Damages must now be considered.

### C. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary

---

[3](...continued)
reside in New York and both KTM and KTMS, the companies which borrowed the Loans at issue, are New York limited liability corporations. The only connection to Rhode Island is that plaintiff, a nationally-chartered bank, has its principal place of business in that state.

basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Id. (citing FED. R. CIV. P. 55(b)(2)). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); FED. R. CIV. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

In support of its application for an award of damages, plaintiff relies on: (1) the affirmation of its attorney, who fails to set forth the basis for any personal knowledge of the damages in question; refers to its Local Rule 55.2(a) Statement for a recitation of the amounts due; and states that "the amounts shown in the accompanying Statement are justly due and owing and no part has been paid except as set forth in the Statement"; and (2) unauthenticated, redacted copies of the balances due. Fenlon Affirm., ¶¶ 6–8, Exs. A and B. There is an insufficient evidentiary basis for an award of damages. See E. Reg'l Med. Ctr., Inc. v. Fry, No. 518CV396, 2018 WL 5266873, at *3 (N.D.N.Y. Oct. 23, 2018) (Sannes, J.) (finding attorney affidavit in support of damages request insufficient to establish plaintiffs' damages and their entitlement to recovery and requiring submission of an affidavit from an employee with personal knowledge of the basis for the amounts sought).

In light of the lack of documentation, plaintiff's request for a default judgment on

damages will be denied at this time.

### D. Attorneys' Fees and Costs

Citizens Bank also requests $6,658.62 in attorneys' fees and $673.62 in costs incurred in this action. Fenlon Supp. Affirm. ¶¶ 6–8. Plaintiff alleges that each of the Guarantees provide that the guarantor will pay all expenses incurred by Citizens Bank to enforce the Guarantee, including, but not limited to, attorneys' fees and costs. Compl. ¶ 21.

In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." Bergerson v. N.Y.S. Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 289 (2d Cir. 2011). Ultimately, "[t]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes 'to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted). The party seeking attorneys' fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotations omitted).

In calculating the "presumptively reasonable fee," the Second Circuit has held that a district court is "to bear in mind *all* of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original). The relevant factors for a court to consider include, but are not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other

counsel (if any), the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. See id. at 184 n.2.

### 1. **Reasonable Hourly Rate**

An attorney's reasonable hourly rate is defined as "the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bergerson, 652 F.3d at 290 (quoting Simmons, 575 F.3d at 174); see also Monsour v. N.Y.S. Office for People with Dev. Disabilities, No. 1:13-CV-336, 2018 WL 3349233, *17 (N.D.N.Y. July 9, 2018) (Sannes, J.) (explaining that an attorney's hourly rate is considered reasonable when it is "in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). The "court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties." Adorno v. Port Auth., 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (internal quotations omitted), reconsideration granted in part, 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010).

Plaintiff Citizens Bank is represented by Hinckley Allen, a firm which has roots in Rhode Island and currently has locations throughout the Northeast. Plaintiff seeks fees based on the following hourly rates for its Albany based attorneys assigned to this matter: (1) $395 in 2018 and $445 in 2019 for attorney Christopher V. Fenlon; and (2) $650 in 2018 and $685 in 2019 for attorney Jennifer Doran. Fenlon Supp. Affirm. ¶¶ 3–4. The only information provided regarding either attorney's experience is that Attorney Fenlon has 10

years of experience and Attorney Doran has 18 years of experience. Id.

In light of the prevailing rates in the Northern District of New York, the nature of the case, other case-specific variables relevant to the reasonableness of an attorney's hourly rate, and the information provided regarding both attorneys' experience, plaintiff's requested hourly rates will be rejected. "Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners . . . ." Richardson v. N.Y.S. Office of Mental Health, No. 6:11-CV-1007, 2018 WL 2021536, *2 (N.D.N.Y. Apr. 30, 2018) (D'Agostino, J.). With no information other than the title of "partner" and the respective years of practice, it is found that an hourly rate of $275 for Attorney Fenlon and $325 for Attorney Doran—rates in the middle end of the hourly rate range that is used for partners in the Northern District—is reasonable to award.

### 2. Reasonable Number of Hours

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." Stevens v. Rite Aid Corp., No. 6:13-CV-783, 2016 WL 6652774, *4 (N.D.N.Y. July 6, 2016) (McAvoy, S.J.). In determining whether a reasonable amount of time was expended on a matter, a court may consider, inter alia, the nature and quality of the work submitted by counsel in connection with the litigation. See, e.g., HTV Indus., Inc. v. Agarwal, 317 F. Supp. 3d 707, 722 (S.D.N.Y. 2018).

Plaintiff seeks attorneys' fees for 7.5 hours of legal work that Attorney Fenlon performed and 8.3 hours of legal work that Attorney Doran performed. Fenlon Supp. Affirm. ¶¶ 6–7. As to the type of efforts expended, Attorney Fenlon states that "work on this matter has included reviewing the loan documentation between Plaintiff and Defendants, preparing and serving a payment demand letter to the Defendants, preparing and filing the Complaint

against Defendants, conducing legal research, preparing and filing a request for Clerk's Certificate of Default, and preparing a filing the Motion." Id. ¶ 5.

In support of its application for fees, Citizens Bank has not attached any contemporaneous time or billing records detailing the time that Attorneys Fenlon or Doran spent on each task for which fees are requested. The complete lack of time records hinders the undersigned's ability to understand how much time was devoted to particular tasks, so as to determine whether that time was reasonably spent. In light of the lack of records, the request for attorneys' fees will be denied at this time.

### 3. **Costs**

Finally, with regard to the $673.62 in costs that Citizens Bank seeks, it fails to break down that amount to clarify how much was spent on service of process fees, overnight delivery fees, and filing fees. Costs will be denied without prejudice to renew upon proper documentation.

## IV. **CONCLUSION**

After carefully reviewing plaintiff's submissions and the applicable law, and for the reasons stated, Citizens Bank has established its entitlement to a default judgment on liability but has failed to sustain its burden regarding damages, attorneys' fees, or costs.

Therefore, it is

ORDERED that

1. Plaintiff's motion for default judgment is GRANTED as to liability but DENIED without prejudice as to damages, attorneys' fees, and costs;

2. Plaintiff shall file an affidavit by an employee with personal knowledge in support of its application for damages;

3. Plaintiff shall submit time records and a further breakdown to substantiate its request for attorneys' fees and costs; and

4. Plaintiff shall file all the above documentation on or before August 13, 2019.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 23, 2019
      Utica, New York.